IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE A. WHITE,

        Petitioner,                       No. 2:08-cv-0237-FCD-JFM (HC)

     vs.

J. WALKER, Warden,

        Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court on respondent's motion to dismiss[1] this action as barred by the one year statute of limitations.  See 28 U.S.C. § 2244(d).

        Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

/////

---

[1] Petitioner initially argues that the motion to dismiss was untimely.  Petitioner is incorrect.  By order filed March 17, 2008, respondent was directed to respond within 45 days.  The motion to dismiss was filed on April 30, 2008, the 44th day after the court's order.  Thus, the motion was timely filed.

1

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

      For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

      1. On April 1, 2003, petitioner was convicted of charges of first degree burglary, attempted robbery, assault with a firearm, and second degree robbery; on May 16, 2003, the court found true allegations that petitioner had suffered a prior serious felony conviction. (Lodged Document B, C, CT 552.)[2] On June 13, 2003, petitioner was sentenced to a total term of 28 years and 8 months. (Id.) Petitioner appealed the conviction and on September 28, 2004, the California Court of Appeal, Third Appellate District, affirmed the judgment. (Lodged Document D.) The California Supreme Court denied review on December 22, 2004. (Lodged Document E.)

/////

/////

---

[2] All documents identified as Lodged Documents were filed by respondent on April 30, 2008.

2. On October 31, 2005, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court.[3] (Lodged Document F.) That petition was denied by order filed December 21, 2005.[4] (Lodged Document G.)

3. On March 29, 2006,[5] petitioner filed a document entitled "Motion for Supplement/Reconsideration" in case No. 05F10173 in the Sacramento County Superior Court. (Lodged Document H.) That motion was denied by order filed April 26, 2006. (Lodged Document I.) On May 29, 2006[6], petitioner filed a document requesting the Superior Court rule on the motion for reconsideration. (Lodged Document J.) On July 12, 2006, the Superior Court sent petitioner a second copy of the April 26, 2006 order. (Id.)

4. On November 14, 2006,[7] petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. (Lodged Document K.) That petition was denied by order filed December 28, 2006. (Lodged Document L.)

5. On January 16, 2007,[8] petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Lodged Document No. M.) That petition was denied by order filed

---

[3] October 31, 2005 is the date on which petitioner, proceeding pro se, delivered the state superior court habeas petition to prison officials for mailing. See Lodged Document F. Under the mailbox rule, that date is considered the filing date of the petition. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

[4] The typewritten date on this order is "12-15-05," the state court judge signed the order and hand-dated it December 20, 2005, and it was served on December 21, 2005. (Id.) The court's docket reflects that the order was entered on December 21, 2005. Sacramento County Superior Court's Index Search System, accessed on June 6, 2008, at <https://services.saccourt.com/indexsearchnew/xCaseDetailsV2.aspx?SearchValues=WHITE,TYRONE,%20,2253333,3410005F10173>.

[5] This petition was signed on September 20, 2005 but does not contain a certificate of service. The filing date may also be the date the petition is signed. Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003). Thus, September 20, 2005 is deemed the filing date for said petition.

[6] May 29, 2006 is deemed the filing date for this filing. See footnote 1, supra.

[7] November 14, 2006 is deemed the filing date for this filing. See footnote 1, supra.

[8] January 16, 2007 is deemed the filing date for this filing. See footnote 1, supra.

1  July 11, 2007.  (Lodged Document N.)

2        6. On January 10, 2008,[9] petitioner filed the instant federal habeas corpus
3  petition.

4        The California Supreme Court denied review on December 22, 2004.  (Lodged
5  Document E.)  Ninety days thereafter, or March 22, 2005, petitioner's conviction became final,
6  when the time for filing a petition for writ of certiorari expired.  Bowen v. Roe, 188 F.3d at 1157.
7  The federal limitation period started to run the next day, March 23, 2005.  See Patterson v.
8  Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  The last day petitioner had to file a federal
9  petition was on March 23, 2006, unless petitioner is entitled to statutory tolling.

10        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed
11  application for State post-conviction or other collateral review with respect to the pertinent
12  judgment or claim is pending shall not be counted toward" the one year limitation period. 28
13  U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is
14  tolled from the time the first state habeas petition is filed until the California Supreme Court
15  rejects the petitioner's final collateral challenge."[10] Id., 183 F.3d 1003, 1006 (9th Cir.1999), cert.
16  denied, 529 U.S. 1104, 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir.
17  1999).  The Court reasoned that tolling the limitations period during the time a petitioner is
18  preparing his petition to file at the next appellate level reinforces the need to present all claims to
19  the state courts first and will prevent the premature filing of federal petitions out of concern that
20  the limitation period will end before all claims can be presented to the state supreme court. Id. at
21  1005.  As a general rule, the limitation period is tolled "while a California petitioner 'complete[s]

---

[9] January 10, 2008 is deemed the filing date for this filing.  See footnote 1, supra.

[10] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction.  See Nino, 183 F.3d at 1006, n.2 (9th Cir.1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

a full round of [state] collateral review.'" Delhomme v. Ramirez, 340 F.3d 817, 819 (9th Cir. 2003) (quoting Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)). The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court. Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120 (2001).

Thus, from March 23, 2005 to October 30, 2005, 222 days of the one year statute of limitations period expired. On October 31, 2005, the date petitioner filed his first petition for writ of habeas corpus in state court, tolled the statute of limitations period. At that time, petitioner had 143 days left to file his petition in federal court.

Petitioner was not entitled to statutory tolling between the December 21, 2005 denial of his first state court petition and the filing of his November 14, 2006 petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. Evans v. Chavis, 546 U.S. 189, 201 (2006)(delay of at least six months before petition filed in California Supreme Court was unjustified and unreasonable).[11] Accordingly, the statute of limitations began to run again on December 21, 2005. The statute of limitations period expired 143 days later, on May 13, 2006. The subsequent filing of the petitions in the Third District Court of Appeal or the California Supreme Court did not revive the expired statute of limitations period. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir.2001). Because petitioner did not file his petition in federal court until January 10, 2008, his petition was untimely and, absent equitable tolling, is barred by the statute of limitations period.[12]

---

[11] Moreover, petitioner's April 10, 2006 motion for reconsideration and May 29, 2006 request cannot serve to toll the statute of limitations period. Petitioner cannot appeal the denial of a petition for writ of habeas corpus in state court. In re Clark, 5 Cal.4th 750, 767 n.7 (1993). Petitioner can only pursue a new petition in the Court of Appeal. Id.

[12] Even assuming, arguendo, the court found the statute of limitations period was tolled between October 31, 2005 and July 11, 2007, the date the California Supreme Court denied his petition, petitioner did not file the instant action until January 10, 2008, 183 days later.

5

Petitioner appears to seek equitable tolling based on lockdowns and certain dates the law library was closed. However, the statute of limitations period expired on May 13, 2006. All of the lockdown dates and law library closures noted by petitioner occurred in calendar year 2007. (Opp'n at 2 & Ex. C.) No dates in 2007 would offer tolling here because the statute of limitations period had already expired. Moreover, even if the court credited petitioner for the 62 days set forth in his opposition, it would be insufficient to render his filing timely. Petitioner's January 10, 2008 filing was made almost twenty months too late.

Petitioner also contends he filed a request for extension in state court in 2006 to let the court know he had a "legitimate investigation into why his trial attorney refused to file a motion to sever his case from his co-defendants." (Opp'n at 2.) However, this argument fails as well. First, petitioner included this claim in his initial state court petition filed October 31, 2005. Petitioner has not explained why he didn't investigate this claim prior to that filing. Second, petitioner has not demonstrated diligence with regard to this claim. Pace v. DiGuglielmo, 544 U.S. 408 (2005). Petitioner wrote his trial attorney about this claim on March 19, 2006. (Opp'n, Ex. B.) However, petitioner waited until October 4, 2006, in which to place an inmate request to use the phone to call his attorney about it. (Id.) Because petitioner was aware of this claim by at least October 31, 2005, this court cannot consider his subsequent actions to be diligent. But even if the court were to grant petitioner some period of equitable tolling for his efforts to find out why his trial attorney refused to file a motion to sever, it would not be a sufficient period to cover the almost twenty month period at issue here.

For all of the foregoing reasons, this action is barred by the statute of limitations. Accordingly, respondent's motion to dismiss should be granted.

/////

/////

---

Petitioner's federal petition would have been due in the district court on or before December 1, 2007, or 143 days after July 11, 2007.

IT IS HEREBY RECOMMENDED that:

1. Respondent's April 30, 2008 motion to dismiss be granted; and

2. This action be dismissed as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 17, 2008.

UNITED STATES MAGISTRATE JUDGE

001; whit0237.mtd